**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JASON HINTON, ) | |
| ) | |
| Petitioner, ) | |
| ) | Case No. 15 C 0752 |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION AND ORDER**

AMY J. ST. EVE, District Court Judge:

On January 23, 2015, pro se Petitioner Jason Hinton filed the present motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the following reasons, the Court denies Petitioner's § 2255 motion and declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

**PROCEDURAL BACKGROUND**

On March 31, 2011, a grand jury returned a superseding indictment charging Petitioner and his co-defendant with one count of knowingly and intentionally distributing 50 grams or more of crack cocaine (Count One) and one count of conspiring to distribute and distributing 50 grams or more of crack cocaine (Count Two) in violation of 21 U.S.C. §§ 841(a)(1), 846. At his jury trial, the majority of the evidence against Petitioner consisted of recorded telephone calls between himself and a confidential informant. After a two day trial ending on April 3, 2012, the jury returned a guilty verdict on both Counts One and Two of the superseding indictment finding that Petitioner was responsible for distributing 50 grams or more of mixtures and substances containing cocaine base as to both counts. On August 3, 2012, the Court sentenced Petitioner to

a total term of 132 months in prison.

On August, 14, 2012, Petitioner filed a timely notice of appeal. On appeal, Petitioner argued that the Court erred when it denied his motion to produce the confidential informant and that his 132 month sentence was manifestly unreasonable. On October 23, 2013, the United States Court of Appeals for the Seventh Circuit rejected Petitioner's arguments and affirmed Petitioner's conviction and sentence. *See United States v. Hinton,* 535 Fed. Appx. 528 (7th Cir. 2013) (unpublished). Petitioner filed the present motion pursuant to § 2255 on January 23, 2015. Construing his pro se § 2255 motion liberally, *see Ambrose v. Roeckeman,* 749 F.3d 615, 618 (7th Cir. 2014), Petitioner maintains that his trial counsel was constitutionally ineffective in violation of the Sixth Amendment. Petitioner also brings claims that are either procedurally defaulted or claims that he already appealed to the Seventh Circuit, as addressed in detail below.

## LEGAL STANDARD

"Relief under [§ 2255] is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States,* 723 F.3d 870, 878-79 (7th Cir. 2013). In other words, under § 2255, relief "is available only when the 'sentence was imposed in violation of the Constitution or laws of the United States,' the court lacked jurisdiction, the sentence was greater than the maximum authorized by law, or it is otherwise subject to collateral attack." *Torzala v. United States,* 545 F.3d 517, 521 (7th Cir. 2008) (quoting 28 U.S.C. § 2255). Accordingly, a § 2255 motion is not a substitute for a direct criminal appeal nor is it a means by which a defendant may appeal the same claims a second time. *See Bousley v. United States,* 523 U.S. 614, 621, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998)

(relief under 2255 "will not be allowed to do service for an appeal"); *United States v. Fleming,* 676 F.3d 621, 625 (7th Cir. 2012) ("A § 2255 petition is 'not a substitute for a direct appeal.'") (citation omitted). If a Section 2255 petitioner does not raise a claim on direct appeal, that claim is barred from the court's collateral review unless the petitioner can demonstrate cause for the procedural default and actual prejudice from the failure to appeal, *see Sandoval v. United States,* 574 F.3d 847, 850-51 (7th Cir. 2009), or that enforcing the procedural default would lead to a "fundamental miscarriage of justice." *Fleming,* 676 F.3d at 625. Nevertheless, because claims of ineffective assistance of counsel often involve evidence outside of the trial record, such claims may be brought for the first time in a § 2255 motion. *See Massaro v. United States,* 538 U.S. 500, 504, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003); *United States v. Flores,* 739 F.3d 337, 341 (7th Cir. 2014).

## ANALYSIS

### I. Ineffective Assistance of Trial Counsel Claims

Construing his pro se § 2255 petition liberally, Petitioner brings an ineffective assistance of trial counsel claim. To establish constitutionally ineffective assistance of trial counsel, Petitioner must show that (1) his trial attorney's performance "fell below an objective standard of reasonableness," informed by "prevailing professional norms" and (2) "but for counsel's unprofessional errors the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "To reflect the wide range of competent legal strategies and to avoid the pitfalls of review in hindsight, [the Court's] review of an attorney's performance is highly deferential and reflects a strong presumption that counsel's conduct falls within the wide range of reasonable professional

assistance." *Groves v. United States,* 755 F.3d 588, 591 (7th Cir. 2014) (citation omitted). To establish prejudice, it is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding," instead trial counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Morgan v. Hardy,* 662 F.3d 790, 802 (7th Cir. 2011) (quoting *Strickland*, 466 U.S. at 687, 693). If Petitioner fails to make a proper showing under one of the *Strickland* prongs, the Court need not consider the other. *See id.* at 697 ("a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant"); *Groves*, 755 F.3d at 591 (If petitioner "is unable to make a sufficient showing of one of the *Strickland* prongs, we need not consider the other.").

### A. Motion to Produce the Confidential Informant

First, Petitioner bases his ineffective assistance of trial counsel claim on counsel's failure to file a separate motion to produce the confidential informant instead of merely joining co-defendant's deficient motion. It is well-established that the government has a limited privilege to withhold the identity of a non-testifying confidential informant. *See United States v. McDowell,* 687 F.3d 904, 911 (7th Cir. 2012) (citing *Roviaro v. United States,* 353 U.S. 53, 59, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957)). "This privilege gives way if the defendant proves that the disclosure of the informant's identity 'is relevant and helpful' to his defense 'or is essential to a fair determination of a cause.'" *United States v. Harris,* 531 F.3d 507, 514 (7th Cir. 2008) (citation omitted).[1]

---

[1] Petitioner also argues that the limited privilege under *Roviaro* does not apply because the paid confidential informant in this matter was a "de facto" police officer. Petitioner, however, does not cite any case law or facts supporting his argument. *See Ripberger v. Corizon, Inc.,* 773 F.3d 871, 879 (7th Cir. 2014) (perfunctory and undeveloped arguments are waived). In addition, the use of paid confidential informants is a common practice in law enforcement to aid

4

Assuming counsel's performance in failing to file a separate or supplemental motion to produce the confidential informant was deficient, Petitioner has not established that counsel's performance was prejudicial because Petitioner knew the identity of the confidential informant, as he admitted in his opening brief on appeal. Moreover, prior to trial, the government produced photographs of the confidential informant, along with transcripts and recorded conversations with the confidential informant's voice. In the context of this evidence, the Court concluded that Petitioner and his co-defendant knew the identity of the confidential informant. (R. 132, 7/18/12, Mem., Op, & Order, at 7-8.) Because Petitioner knew the identity of the confidential informant, he was not prejudiced by counsel's allegedly deficient performance in failing to file a supplemental or separate motion to produce the confidential informant. *See United States v. Andrus*, 775 F.2d 825, 842 (7th Cir. 1985); *see also United States v. Seymour,* 739 F.3d 923, 927 (6th Cir. 2014); *United States v. Partyka,* 544 F.2d 345, 346 (8th Cir. 1976); *United States v. Casiano,* 440 F.2d 1203, 1205 (2d Cir. 1971). Accordingly, Petitioner's first ineffective assistance of counsel claim fails.

**B.     Discovery Issues**

In his opening brief in support of his § 2255 petition, Petitioner argues that his defense counsel did not share discovery with him, and thus he could not participate in his own defense. In his reply brief, Petitioner makes a new argument challenging the evidence presented at trial and asserting that his counsel failed to undermine the recordings or the use of the confidential informant. Not only are arguments raised for the first time in a reply brief waived, *see Darif v.*

---

in the investigation of criminal activities. *See United States v. Belzer,* 743 F.2d 1213, 1219 (7th Cir. 1982). Therefore, Petitioner's argument that paid informants are essentially law enforcement officials is unavailing.

*Holder,* 739 F.3d 329, 337 (7th Cir. 2014), but part of this newly-made argument concerns Petitioner's sufficiency of the evidence argument discussed below.

Turning to his claim that defense counsel was ineffective for failing to share discovery with him, Petitioner has failed to identify any case law or source supporting his argument that he has a right, let alone a constitutional right, to view discovery materials. Indeed, many federal courts have concluded that there is no such right. *See Martinez v. Chandler*, No. 11–2277, 2012 WL 2413512, at *4 (C.D. Ill. June 26, 2012) ("Petitioner cites no United States Supreme Court case in support of his view that he has a constitutional right to view discovery materials. This court is unaware of any Supreme Court decision stating that defense counsel is obligated to share discovery materials with the defendant."); *see also Carillo v. United States,* 995 F.Supp. 587, 591 (D.Vi. 1998) ("[T]here is no constitutional duty to share discovery documents with petitioner. Petitioner cites no case law for this proposition, and this court finds none."); *United States v. Stork,* No. 3:12-CV-398 JD, 2014 WL 1766955, at *7 (N.D. Ind. May 1, 2014) (collecting cases). Instead, counsel's obligation under the circumstances is to review and discuss the discovery materials with his client to keep him "informed of important developments in the course of the prosecution." *Strickland*, 466 U.S. at 688; *see also Warren v. Baenen,* 712 F.3d 1090, 1101 (7th Cir. 2013). Moreover, Petitioner failed to raise this issue with the Court prior to trial when the Court asked if the parties were ready to proceed. Further, Petitioner does not specify what evidence counsel failed to review or share with him in the first instance. *See Mendoza v. United States*, 755 F.3d 821, 831 (7th Cir. 2014). Without more, there is no basis for Petitioner's claim that counsel's performance was deficient under *Strickland*. The Court therefore denies Petitioner's ineffective assistance of counsel claim, especially in light of the

highly deferential presumption that defense counsel's conduct fell within a wide range of reasonable professional assistance. *See Groves*, 755 F.3d at 591.

II.     **Procedurally Defaulted Claims**

In his § 2255 motion, Petitioner also maintains that: (1) he was denied his constitutional right to confront a witness under *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004); and (2) the evidence at trial was insufficient to support his conspiracy conviction. Petitioner did not raise these claim on direct appeal, and thus they are barred from the Court's collateral review unless Petitioner demonstrates cause for the procedural default and actual prejudice from the failure to appeal or that enforcing the procedural default would lead to a "fundamental miscarriage of justice."

Here, Petitioner argues that his procedurally defaulted claims are excepted based on trial counsel's ineffective assistance of counsel. Indeed, it is well-established that "[m]eritorious claims of ineffective assistance can excuse a procedural default." *Richardson v. Lemke,* 745 F.3d 258, 272 (7th Cir. 2014); *see also Promotor v. Pollard,* 628 F.3d 878, 887 (7th Cir. 2010) ("Ineffective assistance of counsel can constitute cause to set aside a procedural bar.") As discussed above, however, Petitioner has failed to establish that his trial counsel provided constitutionally ineffective assistance of counsel under *Strickland*. As such, his ineffective assistance of trial counsel claim does not excuse his procedural default of these claims.

Even if Petitioner had not procedurally defaulted these claims, they fail on the merits. First, because the government offered the confidential informant's statements as context for Petitioner's admissions, and not for the truth, these statements were not "testimonial hearsay" triggering confrontation clause protections. *See United States v. Gaytan,* 649 F.3d 573, 579-80

7

(7th Cir. 2011) ("a confidential informant's out-of-court statements are not hearsay if they are offered not for the truth but to put the defendant's statements in context or to make what he said and did in reaction to the informant's statements intelligible to the jury."); *United States v. Tolliver,* 454 F.3d 660, 666 (7th Cir. 2006) ("*Crawford* only covers testimonial statements proffered to establish the truth of the matter asserted."). In addition, the Court instructed the jury both at the time it admitted the recordings and at the end of the evidentiary portion of the trial that the "confidential informant's statements are offered only to provide context for the statements of the other individuals, and are not to be considered for the truth of the matters asserted." (10 CR 0789, R. 113, Jury Instr., at 16.) The instructions ensured "that the jury [was] aware of the proper weight and consideration to give the non-testifying informant's statements." *United States v. Wright,* 722 F.3d 1064, 1068 (7th Cir. 2013) (citations omitted). Hence, Petitioner's confrontation clause claim is without merit.

Next, Petitioner argues that the evidence presented at trial was insufficient to support his conspiracy conviction. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). *Jackson* holds that due process is satisfied if–when viewing the evidence in the light most favorable to the prosecution–"*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (emphasis in original). The *Jackson* standard "gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Id.*

Summarizing the evidence in a light most favorable to the government, trial evidence revealed that between June 2, 2008, and June 3, 2008, Petitioner exchanged several recorded

8

telephone calls with an individual who was a confidential informant with the FBI. During these telephone calls, Petitioner arranged to sell approximately nine ounces of crack cocaine to the informant for $5,600. On June 3, 2008, Petitioner stated to the informant that he was stuck in traffic, but that another man named "Breed," who was Petitioner's co-defendant in this matter, would meet the confidential informant. Surveillance observed and video-taped Petitioner's co-defendant enter the informant's vehicle at which time he sold the informant 221.5 grams of crack cocaine for $5,600. After the drug deal, in another recorded phone call, Petitioner called the informant to make sure everything was "good." The jury heard these telephone calls, after which the FBI case agent identified the speakers as Petitioner, his co-defendant, and the confidential informant. There was additional evidence linking Petitioner to the telephone calls, including that his wife was the subscriber for his cell phone that he used during the drug transaction. Viewing this evidence in the government's favor, Petitioner has failed to argue, let alone establish, that "the record is devoid of the evidence from which a reasonable jury could find guilt beyond a reasonable doubt." *See United States v. Salinas,* 763 F.3d 869, 877 (7th Cir. 2014) (citation omitted). Therefore, Petitioner's sufficiency of the evidence claim fails on the merits.

### III.     Sentencing Claims

Next, Petitioner argues that his 132 month sentence is unconstitutional and illegal because it was "disparate to national and even regional sentences for the same drug quantity." On appeal, Petitioner made a similar–if not the same–argument, namely, that his sentence was unreasonable because it was substantially longer than those of similarly situated defendants involved in a related drug conspiracy. The Seventh Circuit rejected this argument explaining that it has repeatedly held that "[c]hallenging a within-range sentence as disparate is a

'pointless' exercise." *See Hinton,* 535 Fed. Appx. at 531 (citation omitted). Petitioner further argues in the present motion that the Court improperly applied the Sentencing Guidelines because his sentence was unreasonable in light of his criminal history and personal characteristics, an argument the Seventh Circuit also rejected on direct appeal. *See id.*

Moreover, Petitioner's newly-made argument that the Court improperly applied the Sentencing Guidelines by considering "a non-final State of Illinois case" fares no better because Petitioner failed to raise this argument on direct appeal and this argument, standing alone, does not implicate a constitutional error. *See Hawkins v. United States,* 724 F.3d 915, 916-17 (7th Cir. 2013); *see also United States v. Coleman,* 763 F.3d 706, 708 (7th Cir. 2014) ("[D]eviations from the Sentencing Guidelines generally are not cognizable on a § 2255 motion") (citation omitted). As the Seventh Circuit teaches, a § 2255 motion is "neither a recapitulation of nor a substitute for a direct appeal." *Varela v. United States,* 481 F.3d 932, 935-96 (7th Cir. 2007) (citation omitted). Thus, Petitioner's sentencing arguments are not cognizable on collateral review.[2]

## IV. Certificate of Appealability

Under the 2009 Amendments to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Therefore, the Court must determine whether to grant Petitioner a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2) in the present

---

[2] Because the motion, files, and records of this case conclusively show that Petitioner is not entitled to any relief under § 2255, the Court need not hold an evidentiary hearing under the circumstances. *See Koons v. United States,* 639 F.3d 348, 354-55 (7th Cir. 2011); 28 U.S.C. § 2255(b).

Memorandum, Opinion, and Order. *See Gonzalez v. Thaler,* ___ U.S. ___, 132 S.Ct. 641, 649 n.5, 181 L.Ed.2d 619 (2012).

Under 28 U.S.C. § 2253(c)(2), a petitioner does not have the absolute right to appeal a district court's denial of his § 2255 motion, instead, he must first request a certificate of appealability. *See Miller-El v. Cockrell,* 537 U.S. 322, 335, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). A petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *See id.* at 336; *White v. United States,* 745 F.3d 834, 835 (7th Cir. 2014). Under this standard, Petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El,* 537 U.S. at 336 (quoting *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)). In cases where a district court denies a habeas claim on procedural grounds, a certificate of appealability should issue only if the petitioner shows that (1) jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack,* 529 U.S. at 485.

Petitioner has not established that jurists of reason would debate that the Court should have resolved his ineffective assistance of counsel claims in a different manner, especially in light of the strong presumption that counsel's performance falls within the wide range of reasonable professional assistance. *See Johnson v. Thurmer,* 624 F.3d 786, 792 (7th Cir. 2010) ("It is well established that [the court's] scrutiny of counsel's trial strategy is to be deferential and that we do not second guess the reasonable tactical decisions of counsel in assessing whether

11

his performance was deficient."). Also, a reasonable jurist would not conclude that the Court erred in ruling that Petitioner has procedurally defaulted his confrontation clause and sufficiency of the evidence claims. *See Slack,* 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Last, Petitioner's sentencing claims are not cognizable on collateral review. As such, the Court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

## CONCLUSION

The Court denies Petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 and declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

**Dated:** April 29, 2015

ENTERED

_____
**AMY J. ST. EVE**
**United States District Court Judge**